Opinion issued October 22,
2009

                                                                        

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-01027-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



WILLIE PAUL WALTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1116405

 

 



MEMORANDUM OPINION

          The State indicted Willie
Paul Walton for the felony offense of possession with intent to deliver a
controlled substance, Alprazolam, weighing between twenty-eight and two hundred
grams.  See Tex. Health &
Safety Code Ann. §§ 481.104, 481.117(c) (Vernon Supp. 2009).  After
the trial court denied Walton’s motion to suppress evidence seized from his
vehicle, Walton pleaded guilty and the trial court assessed punishment at three
years’ confinement.  Walton appeals the denial of his motion to suppress,
arguing that (1) the search of his vehicle was an invalid search incident to
arrest pursuant to the United States Supreme Court’s recent decision in Arizona
v. Gant, and (2) Walton did not give consent to search his vehicle.  We
hold that Gant, which limits the scope of searches incident to arrest
but does not alter the scope and validity of other exceptions to the Fourth
Amendment’s warrant requirement, does not prohibit valid consent searches.  We
further hold that the trial court did not abuse its discretion in determining
that Walton consented to the search of his vehicle and therefore affirm.

Background

Houston Police Department Officer M.
Lopez was investigating several pharmacy burglaries when he received “credible
and reliable” information from a street informant that a suspect in the
burglaries, and possible parole violator, frequented a house on Jasmine Tree
Street in Houston.  On May 11, 2007, Officer Lopez began surveillance and
observed Walton drive up to the address, exit his vehicle, and enter the
residence.  Approximately ten minutes later, Walton came out of the residence
carrying a white transparent bag and returned to his vehicle.  While following
Walton’s vehicle, Officer Lopez noticed that Walton failed to signal a lane
change and had illegal tinting on his vehicle’s windows.  After notifying a sheriff’s
deputy in a marked unit from the Harris County Sheriff’s Office, Officer Lopez
and the deputy conducted a traffic stop.

The deputy asked Walton to exit the
vehicle while Officer Lopez approached the passenger side, where he saw a white
transparent bag containing several large prescription bottles sitting on the
front seat.  As Officer Lopez walked around to the driver’s side of the vehicle,
he saw two more prescription bottles wedged between the driver’s seat and the
center console.  After Walton denied having any illegal narcotics or weapons in
the vehicle, Officer Lopez asked Walton for consent to search the vehicle,
which Walton “unequivocally granted.”  Ultimately, officers recovered 120 Alprazolam
pills and five empty prescription bottles from Walton’s vehicle.

In August 2007, the State indicted
Walton for the felony offense of possession with intent to deliver a controlled
substance, Alprazolam, weighing between twenty-eight and two hundred grams.  In
October 2007, Walton moved to suppress all contraband seized from his vehicle,
arguing that the officers lacked probable cause to conduct the traffic stop,
warrantless search, and arrest, in violation of the Fourth Amendment.  Walton
supplied an affidavit in support of the motion to suppress, in which he stated
that Officer Lopez asked to search the vehicle and, after Walton questioned why
Lopez wanted to search, Lopez handcuffed Walton, placed him in the back of the
patrol car, and proceeded to search Walton’s vehicle.  According to Walton,
Lopez did not obtain consent to search the vehicle.

On November 5, 2007, the trial court
heard Walton’s motion to suppress, and on the basis of Walton and Lopez’s
contradicting affidavits describing the traffic stop, the court denied the
motion.  Later that day, Walton pleaded guilty to possession with intent to
deliver a controlled substance and the trial court assessed punishment at three
years’ confinement.  In April 2009, the United States Supreme Court decided Arizona
v. Gant, 129 S. Ct. 1710 (2009), which limits the scope of searches
incident to arrest in the vehicular context.  On May 22, 2009, Walton requested
written findings of fact and conclusions of law from the trial court regarding
the denial of his motion to suppress.  The trial court found that (1) Officer
Lopez validly arrested Walton based on his failure to signal a lane change and
the illegal tinting, (2) Walton gave consent to search the vehicle, and (3) the
ensuing search was valid based on that consent and as a search incident to
arrest.

Discussion

Standard of Review

We review a trial court’s ruling on a
motion to suppress for abuse of discretion.  Shepherd v. State, 273
S.W.3d 681, 684 (Tex. Crim. App. 2008).  We must view the evidence in the light
most favorable to the trial court’s ruling.  Wiede v. State, 214 S.W.3d
17, 24 (Tex. Crim. App. 2007) (quoting State v. Kelly, 204 S.W.3d
808, 818 (Tex. Crim. App. 2006)).  When ruling on a motion to suppress, the
trial judge is the “sole and exclusive trier of fact and judge of the
credibility of the witnesses as well as the weight to be given their
testimony.  The trial judge may choose to believe or disbelieve any or all of a
witness’ testimony.”  Green v. State, 934 S.W.2d 92, 98 (Tex. Crim. App.
1996).  As such, we defer to a trial court’s express or implied determination
of historical facts, as well as to its application of law to fact questions if
those questions turn on the evaluation of credibility and demeanor.  See
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We review de
novo application of law to fact questions that do not fall into this
category.  See id.; Wiede, 214 S.W.3d at 25.  If the trial
court’s ruling on a motion to suppress is reasonably supported by the record
and correct on any theory of law applicable to the case, we must sustain the
ruling.  See Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996).

Arizona v. Gant and Searches Incident to Arrest

Walton contends that the trial court
erred in denying his motion to suppress based on the United States Supreme
Court’s recent holding in Arizona v. Gant, 129 S. Ct. 1710 (2009), that
the Fourth Amendment does not authorize vehicular searches incident to arrest
after the police secure the vehicle’s occupant in a way that prevents his access
to the interior of the vehicle.  129 S. Ct. at 1714.  The Gant Court
also held that vehicular searches incident to an arrest do not violate the
Fourth Amendment if it is reasonable to believe that evidence of the offense of
arrest might be found in the vehicle.  See id.  Walton argues that since
the search of his vehicle occurred after he was secured in the back of the
deputy’s patrol car and neither of the offenses for which he was arrested,
failure to signal a lane change and illegal tinting, required a search of the
interior of the vehicle, nor could officers reasonably believe that evidence of
those offenses would be present in the vehicle, this search was an invalid
search incident to arrest under Gant.

Gant restates the principle of Fourth
Amendment jurisprudence that warrantless searches are per se
unreasonable unless the State can prove that the search meets one of the
specifically defined and narrow exceptions to the warrant requirement.  Id.
at 1716.  After encountering Gant at a house police believed was used to sell
drugs, officers ran a records check and discovered that Gant had a suspended
driver’s license and an outstanding warrant for driving with a suspended
license.  Id. at 1714–15.  The officers returned to the house later in
the evening, and when Gant also returned, the officers immediately arrested
Gant, handcuffed him, and secured him in the back of a patrol car.  Id.
at 1715.  Officers then searched Gant’s car and discovered a gun and a
bag of cocaine located in a jacket pocket on the back seat.  Id.  On
review of the denial of Gant’s motion to suppress, the Supreme Court noted the
twin purposes of the search incident to arrest exception:  (1) protecting the
officers making the arrest from potential weapons, and (2) preventing the
concealment or destruction of evidence.  Id. at 1716.  If no possibility
exists that the arrestee could reach into the area being searched, neither
justification for this exception is present, and thus a warrantless search is
invalid.  Id.  Therefore, the State can justify a warrantless search
only when “the arrestee is unsecured and within reaching distance of the
passenger compartment at the time of the search.”  Id. at 1719.  The
State may also validate a warrantless search when it is reasonable to believe
that evidence “relevant to the crime of arrest” might be found in the
vehicle.  Id. (emphasis added).  The Court acknowledged that in most
cases in which the defendant is arrested for a traffic violation, there is no
reasonable basis to believe that the vehicle contains evidence relevant to that
traffic offense, and thus the search incident to arrest exception will not
justify a warrantless search.  Id.

Although Gant limits the scope
of vehicular searches incident to arrest, the Supreme Court intended to leave
the other exceptions to the warrant requirement intact.  See id. at
1723–24 (“When these justifications [for a search incident to arrest] are
absent, a search of an arrestee’s vehicle will be unreasonable unless police
obtain a warrant or show that another exception to the warrant requirement
applies.”).  The Gant Court specifically mentions that its holding does
not disturb the longstanding rule that, if probable cause exists that a vehicle
contains evidence of criminal activity relevant to any offense, police may
search any area of the vehicle where that evidence might be found.  See id.
at 1721 (citing United States v. Ross, 456 U.S. 798, 820–21, 102 S. Ct.
2157, 2170–71 (1982)).

Here, even though the trial court found
that the search of Walton’s vehicle was legitimate as a “search pursuant to a
valid arrest,” the State does not rely on the search incident to arrest
exception to justify the warrantless search of Walton’s vehicle.  Instead, the
State contends that the search is legitimate as a search pursuant to valid
consent from Walton.  In denying Walton’s motion to suppress, the trial court
expressly found that Walton consented to the search and that the “search of the
car was legitimate based on the consent given.”

Consent Searches

Although the Fourth Amendment
generally requires police officers to conduct a search with a valid warrant
supported by probable cause, an established exception to both the warrant and
probable cause requirements allows for a search conducted pursuant to valid
consent.  See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). 
Walton argues on appeal that he did not consent to Officer Lopez’s search of
his vehicle.  In his affidavit supporting his motion to suppress, Walton stated
that when asked by Lopez to give consent to search, Walton asked Lopez why he
wanted to search, whereupon Lopez handcuffed him and placed him in the back of
the patrol car.  According to Walton, he “did not consent to a seizure or
search of [his] car,” contradicting Lopez’s statement in his responding
affidavit that Walton “unequivocally granted” consent to search.  On appeal, Walton
attacks Lopez’s credibility by posing the question of why Walton would consent
to a search if he knew illegal drugs would be found.  Walton also points out
that Lopez never attempted to obtain written consent for a search.  Written
consent to search, however, is not required to satisfy this exception to the
warrant requirement.  See Montoya v. State, 744 S.W.2d 15, 25 (Tex.
Crim. App. 1987) (“A consent to search may be oral and still be valid.”), overruled
on other grounds by Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996).  Similarly, refusing to sign a written consent form does not render
verbal consent invalid, but may indicate that the defendant never gave verbal
consent.  See Smith v. State, 789 S.W.2d 350, 355 (Tex. App—Amarillo
1990, pet. ref’d) (“The fact that appellant did not sign the consent-to-search
form does not impair the validity of his oral consent, but goes instead to the
existence of such oral consent.”).  The record does not indicate that Officer
Lopez presented a written consent form to Walton or asked for written consent.

In the findings of fact and conclusions
of law, the trial court explicitly found that Walton “gave consent to have his
car searched.”  Faced with contradicting affidavits from Walton and Officer
Lopez, the trial court made the determination to believe Officer Lopez’s
testimony over Walton’s.  We defer to the trial court’s determination that
Walton consented to the search of his vehicle.  In Officer Lopez’s affidavit, he
avers that Walton “unequivocally granted” consent to search.  This statement
supports the trial court’s finding that Walton consented, and thus, we will not
disturb it.  See Green, 934 S.W.2d at 98–99 (citing Johnson v. State,
803 S.W.2d 272, 287 (Tex. Crim. App. 1990) (“Since the trial court is the
sole fact finder at a suppression hearing, this Court is not at liberty to disturb
any finding which is supported by the record.”), overruled on other grounds
by Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991)).  Accordingly,
we hold that the trial court did not abuse its discretion in finding that
Walton consented to the search of his vehicle.

Conclusion

Although Arizona v. Gant
limits the scope of searches incident to arrest, the additional exceptions to
the Fourth Amendment’s warrant requirement remain intact.  The record supports
the trial court’s finding that Walton gave valid consent to search.  We therefore
hold that the trial court properly denied Walton’s motion to suppress, and
affirm the order of the trial court.

 

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.

Do not publish.  Tex. R. App. P. 47.4.